Case number 23-1576. Glazy, Adalia, Diaz-Valdez v. Merrick v. Garland. At this time, would counsel for the petitioner introduce himself on the record to begin? Good morning, and may it please the court. Christian Meyer on behalf of the petitioner. I would seek just one minute of your time. Okay, you may. You may begin. Thank you. We're here today on a petition for review, seeking review of the board's denial of a motion to reconsider, which failed to apply the doctrine of equitable tolling to a notice of appeal that was filed just a single day after the 30-day deadline. Before I get into the merits of the claim, I would just like to point out the importance of, you know, the appellate process in the context of asylum. Let me ask you, just to clarify, when you say it was filed one day after the appellate deadline, I believe it was mailed before the appellate deadline. Am I correct? That is correct, yes. And FedEx was used, and there is no dispute that FedEx was used, and it was mailed before, but it arrived one day late. Yes, that is absolutely correct. Just to continue on my point, in the context of asylum, these are people who are seeking relief from a fear of violence, including fear of death. So the importance of the review process is of paramount importance. It can literally be a case of life and death. And for this client, she testified credibly to being the victim of a murder attempt with her former partner. Now, moving to the merits, as you noted, Judge Helpe, yes, the notice of appeal was received one day late. The first error committed by the Board is their reliance on the motion to reconsider. They misstate the argument. They rely on the fact that a claim that Petitioner asserted that the exceptional circumstance was the Labor Day holiday. That was not the contention. The contention was that counsel for Petitioner placed the notice of appeal with FedEx, a guaranteed delivery service, which in fact the Board of Immigration Appeals, their own practice manual, suggests the use of such courier services. Placed it on September 4th. It was not mailed until September 7th, due in part because that Monday, September 6th, was the Labor Day holiday. Counsel, can I ask you a question about that? Because I'm looking at the motion for consideration of late filed notice of appeal that was submitted on your client's behalf. And I guess I'm just wondering, did this motion make it clear enough that the argument was the delivery guarantee was not honored? Because, you know, you just added the words in part, but that's not actually in the motion. So all the motion says is FedEx did not ship the package until September 7th due to the Labor Day federal holiday. So did the BIA understand that the argument was actually a failure to honor the delivery guarantee? I think within the context, yes, because that motion, I believe in one of the preceding lines, states that counsel dropped it off on September 4th, the day that they were operating their overnight delivery. Now, speaking in the context of notices of appeals, these are facts of life in terms of the deadline, the last time to be able to drop off your notice of appeal. It's well apparent to counsels who are representing clients before the BIA, as well as the board itself, who receives thousands of these appeals, many of which are received by FedEx. I believe that it was an unreasonable interpretation of the record for them to say that there was insufficient proof. You have a statement of counsel saying, I dropped it off on the 4th for overnight delivery. So now you're shifting to the diligence argument. Can I just keep you on the extraordinary circumstances argument for a minute? Yes, absolutely. You know, I'm just wondering, you know, why wasn't there sort of more information provided in the motion? So you just, again, noted the counsel. Counsel did say that they sent the notice on September 4th, but they didn't say that FedEx was open that day, which you just noted in your argument. So I'm just wondering, why wasn't this done in an affidavit, and why wasn't there more detailed information presented? Ultimately, there could have been more detail presented, but I still believe that the record, it reflects the statements of counsel showing that it was dropped off on the 4th, as noted by the original shipping label, as well as this is, going back to what I said before, this is common practice for, you know, appellate attorneys. And in that context, the Board, regardless of the standard of review, replied, even if it is abusive discretion, which we, you know, argue should not be applied, seeing as how this leans way more towards an application of law than fact, it is an abusive discretion. It's like, for example, you're taking the commuter rail home, and, you know, you leave every day. There's a 4.30 p.m. train out, you know, and that's a daily occurrence. That's common practice. And you tell your spouse, your partner, your friend, whatever, you say to them, I made my train. To interpret that as you didn't make your train, you took a train afterwards, is entirely unreasonable. And that really was the crux of the factual determination that formed the basis for the Board's denial. So you're saying in context this should have been clear, sir? Absolutely. Now, I would also note that, yes, of course, the motion to reconsider could have, you know, laid these facts out better. However, especially in the context of this equitable relief, relying or holding such a high standard, when it's clear the intent of counsel's statements, holding it to an unreasonable standard defeats, you know, the intended purpose of giving asylum applicants who are fleeing serious danger their opportunity to have an erroneous immigration court decision challenged. Now, regarding diligence, any assertion that our client was not diligent in pursuing their notice of appeal simply cannot stand. They acted within the statutory period. To hold that acting within the period of time that you are permitted to file a notice of appeal, holding that as not diligent, it defeats the entire purpose of the process. It's plainly ridiculous. I think in some ways you've already addressed this with your analogy to the late train, but one of the government's arguments is that, you know, we do have the FedEx label, but it gives a ship date, not a shipping time, right? So that, you know, we don't know whether... Certainly. A loan, that may be a basis to uphold the board's determination. But mixed with counsel's assertions that really can't reasonably be understood as anything stating that it was dropped off in time for delivery makes it clear error, an abuse of discretion. Whatever standard of review you're going to apply, it fails, and the petition must be granted on that basis. And I would also just like to address petitioner has raised a challenge to the board's application of filing deadlines for electronic and paper filings. It's very clear that similarly situated individuals are treated in disparate fashion. Had this been an electronic filing, there's no doubt that it was sent on the 4th, it would have been deemed received on the 4th. Counsel, can I just ask you about some basic facts in support of that argument, which I understand from your briefing? Was the BIA's electronic filing system in operation at the time that your client's appeal was due? I didn't see anywhere in the record. I believe. Do you know? If you don't know, just. I'm not 100% certain. I know that any new case that was generated in the year 2022 going forward is electronic. I can't speak to the exact date, but I do believe. Because this isn't obviously Labor Day 2021. So is it possible that it wasn't even in operation? And if that were true, can you still make the claim that you're making? I believe so.  Because ultimately at the time that the reconsideration was filed, I believe that that process would have been in effect. And seeing as how this is an ongoing, you know, the board itself is continuing to use these disparate standards. And given the fact that that's ongoing, I believe it would still be, you know, a basis for this court's review. Let me ask you, does the board have any rule? I know the Federal Rules of Appellate Procedure allow if you file a date late, you can ask the district court if there's good cause to extend it. At the BIA, there's no such similar rule? That you can ask for that period to be extended on good cause? To be honest, I'm not entirely sure. But I do not believe that that's the case. I believe that the statute requires that the notice of appeal be delivered by that date. But I would note that matter of moralis moralis is very clear that these type of circumstances, they note in the board's precedent that the failure of a guaranteed delivery service to make good on that guarantee is an example of an exceptional circumstance. And the board, in their decision, states the exact opposite. So equitable tolling is available under moralis moralis.  There just isn't a rule. There's a decision. Yes. Yes. Thank you. Thank you. Okay. Let's hear for Ms. Holper. Please do introduce yourself on the record to begin. You have five minutes. Good morning. May I please the Court? I'm Mary Holper, representing AMICI, and thank you for inviting AMICI to appear in this case. Thank you for appearing. We understood your brief presents some important issues, so we want to hear from you. Please go ahead. So the standard of review should be de novo because this case involves questions that are primarily legal, not primarily factual. The Supreme Court's brief mention of a standard of review in Wilkinson is dicta because the Court only resolved the jurisdictional question. Even the more deferential standard of review suggested by the Court's Wilkinson dicta is not appropriate here. That is appropriate where a court must immerse itself in the facts to resolve the issues. Immersion in the facts is not the primary work here. Factual issues are credibility determinations and weighing of the evidence, such as the hardship determination in Wilkinson or the arms-length transaction determination in U.S. Bank. Factual issues usually involve a constellation of subsidiary facts decided by a fact finder. But, I mean, just to push back a little on that, a lot of the questions that we're asking are factual questions about, I mean, a FedEx delivery slip and, you know, a sentence in a motion to reconsider, all of which are focusing on, like, what time was this notice of appeal dropped off? How is that not a – how are those not factual questions for us? The best decision that this panel should look to is the Fourth Circuit's decision in Williams where the primary main work is legal and, therefore, it was equitable tolling of a motion to reconsider deadline by the BIA decided by the Fourth Circuit in Williams. And there the court did a long analysis and reasoning about why de novo should apply because the primary work was legal and stated things such as whenever there is a determination like equitable tolling to be made, there are many subsidiary legal and factual questions along the way. And in Williams, there was a lone fact that needed to be reviewed. And for that, the court used substantial evidence review. But the bulk of the work was legal questions. And here, we argue that the bulk is legal work. It is very different from situations like the court's decision in Allsven where there's a credibility determination and a weighing of the evidence to get to the bona fides of the marriage. There was one lone fact, which was did the lawyer send the FedEx on September 4th by guaranteed overnight delivery service? And the record here shows that he did, and it's corroborated by the label. And there shouldn't have been more. This is not a type of factual determination that required such as a bona fides of the marriage or that required... I think the government would say the question is, did the lawyer drop the package off at the FedEx facility during the time period where it would trigger FedEx guaranteed overnight delivery? And we would argue that the lawyer saying I sent it via FedEx implies that I followed all the procedures to send and that a lawyer saying I sent it via FedEx means I used the procedures that FedEx has on its website correctly. Counsel, how would you zero in on what precisely the legal issue is that you think deserves de novo review here? What is the legal question? Okay, so there are four legal issues here that we see. One of them is the BIA departing from its established policies. So the BIA, in Ms. Diaz-Valdez's opinion, stated reliance on a courier service is insufficient excuse for late filing. And that is directly contrary to its published opinion in Morales-Morales where it stated that one example of an exceptional circumstance was where a party uses a guaranteed delivery service and the service fails to fulfill its guarantee. Let me ask you because you also mentioned the Auer decision that we... I mean, not the Auer, it's... Loeber-Bright, Your Honor? Yeah, Loeber-Bright, sorry. But the issue is we're the ones, in your opinion, who should interpret that rule, not the agency, even though the agency has sort of shifted views. Am I correct? Correct, Your Honor. And I think you're asking us lay out that rule. Yes. And the Fourth Circuit in Williams did say that when the due diligence clock starts is a legal question. And the Fourth Circuit in Williams also said, describing the Supreme Court's decision in Guerra-Lasprilla, that the courts certainly didn't leave equitable tolling to an abuse of discretion and rather it is primarily legal work and that courts have traditionally always decided questions of equitable tolling. In fact, the BIA's test for equitable tolling, Morales-Morales, comes from Holland v. Florida, which is a Supreme Court case. Counsel, don't our decisions say that we review equitable tolling decisions for abuse of discretion? Your Honor, if I may, even within the abuse of discretion framework, this court, such as in Adeyanju, reviews the legal questions within that de novo. So you don't disagree that the umbrella standard is abuse of discretion. You're just saying that within the umbrella standard, what we're primarily doing is legal work. That's your argument?  Yes. I just want to circle back because I don't think you've finished answering Judge Rickman's question about what is the legal issue here. And I think you said UC4. Yes. The second being the mischaracterization of Labor Day as the exceptional circumstance as opposed to the FedEx's failure to deliver as the exceptional circumstance, the test for diligence. We argue that the board applied something more like all maximum feasible diligence rather than reasonable diligence, and that the noncitizen owns the 30 days, such as the Ninth Circuit said in Irigoyen-Briones, and that, finally, the BIA did not provide a rational explanation as to why the attorney's statement was insufficient. Okay. Thank you. Thank you. Let's hear then from the government, Ms. Camilleri. Please do introduce yourself on the record to begin. Good morning. May it please the Court, this is Dana Camilleri for the Attorney General. This case is about sufficiency of evidence, and here Petitioner had the burden of showing that she both exercised due diligence and that extraordinary circumstances prevented her from timely filing her appeal for the board. As a threshold matter, Petitioner did not provide any evidence that FedEx actually received the package on September 4th and failed to deliver the package in a timely manner. The label, which I think has been discussed, plainly indicates that it was printed, print your label, print from home, September 4th at 3.42 p.m. on the left-hand side. It is then stamped that it was received by FedEx September 7th. In terms of Petitioner Counsel's affidavit, it is a one sentence that says that it was sent with FedEx. There is no information about where it was dropped. There is also nothing in the record of FedEx admitting that it did not actually do its job here or getting. Let me ask you, couldn't the agency could have said, listen, you obviously printed from home, at least label on the fourth. There is a statement, but we want additional corroborating information. Get us this. That didn't happen. Why, you know? Well, why wasn't that provided with the motion reconsidered? They know after a matter of moralis moralis that it is very important that the court understand that it was in the hands of FedEx, that that is the question here, and that was not shown at all. Counsel, why is counsel's representation that he sent it? Let me just make sure I have the language exactly right. What he says in paragraph four, item four of the motion is, counsel for the respondent sent the notice of appeal to the BIA, so sent it to the BIA through FedEx on September 4th. Isn't that exactly what you're saying is missing? Why is that representation not enough? Because he doesn't give any details about how it was sent. Was it just placed in the law firm drop box and it's the Saturday of Labor Day and FedEx didn't pick it up? Was it brought to a FedEx store? And if so, why isn't there a receipt? Was it brought to a drop box that has late cutoff times on a Saturday? So, again, this is 3.42 p.m. on the Saturday before Labor Day, but this label is even generated. I guess I'm just trying to, it seems what you're arguing is that counsel would be lying, for lack of a better word. I mean, I read, again, in a natural common sense matter, I try to give all lawyers appearing before me the benefit of the doubt this is a representation to a judicial body, right? The counsel is saying on September 4th, I sent the notice of appeal to the BIA through FedEx via overnight delivery. Saying that it was sent on that day via FedEx indicates, to me, common sense that it was put in the FedEx box appropriately. Isn't it really sort of just refusing to believe what counsel has said that you're arguing for rather than that there isn't sufficient evidence to support it? I don't think so, Your Honor. I think that the statement from counsel is vague. And then, you know, as the board noted, everything from FedEx clearly says that they didn't receive the package until September 7th. And the point is, and Morales-Morales does make this clear, if a guaranteed delivery service has the package in hand and fails to deliver it in a timely manner, that is a situation where equitable tolling may apply. But they have to show that. And just saying I sent it, what does that mean? I don't know what that means. And it doesn't show that FedEx actually had it and failed to deliver it in a timely manner. Isn't the natural meaning of sent that you deposited it? If I say that I sent a letter in the mail, to me that means I sent it, I deposited it with the post office. I mean, there are a million ways to send FedEx. So it's hard. I don't know. It could have been, as I said, the law firm drop box and they get somebody to come pick it up. It could have been another drop box elsewhere in the city. It could have been a FedEx Kinko store, in which case they should have a receipt. The point is we don't know, and that's why there is a factual dispute, because they did not give us any specific information about how, where, and when they actually mailed it. I'm also concerned, following Judge Rickleman's questions, it seems to me there is a presumption that this attorney is not being truthful. And if that is the case, again, I'm sure this is probably not the only time this is going to happen, because, as a matter of fact, immigration attorneys probably have a lot of volume, and they mail tons of appeals. And I guess now if it's all in front, it's going to be easier. But, again, this is, going back to what counsel said, this is an asylum case, and it's a very, whether it's granted or ultimately not, but it's a very serious claim that should be addressed on the merits. Well, Your Honor, I mean, I am saying that the affidavit from counsel does not provide the information that's necessary, and the other information in the record contradicts that. And so the board said you haven't met your burden. That's simply what I'm arguing, and that's why I think it's a situation  Let me make an analogy. In the old days, before courts went electronic, and I remember, and I guess my co-counsel, I mean, not co-counsel, my colleagues, remember in the old days, you have to certify when you sign any motion. We certified on the same date it has been sent by mail. That's very similar to what happened. I said on the 4th, I mailed it. What's the difference between those two scenarios? Because that was common practice until probably maybe 10, no, 15, 20 years ago here in the district courts. I guess I just don't understand why there wouldn't be specific information of when FedEx actually took possession of the notice, which is the key component over whether the delivery service failed or something else happened. I don't know. I'd only be speculating because the affidavit doesn't really tell me that much. It just says sent. Counsel, you said that the other evidence in the record contradicts what the counsel for the petitioner said. What do you mean by that? What evidence contradicts his statement that he sent it to the BIA on September 4th via FedEx? The stamp from FedEx on the AR66. In addition to saying it was printed from home, FedEx stamps it as being received September 7th right below the barcode. Then also the printout from FedEx said that they did not receive the actual notice until September 7th, which was the Tuesday after Labor Day. It just says ship date is 9-7. Am I missing something, counsel? Please help me because I'm looking at page 29, and it just says ship date at the top, the little question mark, 9-7. I don't think that contradicts. That's the whole point. It's on the label as well. As I said, this was a user-generated FedEx label? Yes. Then FedEx stamps it and beneath the barcode it says September 7th, and then it says priority ship overnight September 8th. I completely understand that, but I think the entire point is counsel saying I sent it on the 4th, and for whatever reason they didn't process it or ship it until the 7th, and that's the whole problem. I'm just trying to understand how this squarely contradicts what counsel has said. Well, it doesn't support what counsel said. Again, the important question is when FedEx got a hold of this, and so there could have been more information that wasn't provided and they did not meet the burden here. I understand your argument, counsel. Let me just shift to a slightly different question then. You have argued in your brief, and I completely understand why you're making this argument that the focus should be why wasn't there more proof that it was handed to a FedEx facility or a drop box that could process it in time, but all the BIA said was that there was insufficient evidence, and it didn't explain. It didn't offer the theory that you're offering now, why it found the evidence insufficient. So that's something that you're arguing to us, but when I look at the BIA opinion itself, the only thing it says is that there's insufficient evidence that the respondent delivered the appeal to FedEx on the claim to date, but we don't know on what theory they've considered it's insufficient. So aren't you sort of filling in the gaps? Aren't we missing some reasoning from the BIA here? I don't believe so, Your Honor. I think that just looking at what was attached to the Motion to Reconsider, it's pretty plain to see what type of information the board was looking for. I think that's actually why we have that motion to take judicial notice, which we have opposed, but basically because this should have been presented to the board, and it wasn't. What should have been presented to the board, the facts and the motion for judicial notice? That and any proof that FedEx actually had it in hand. That is the key question, is that they discharged their duty. FedEx had it in hand. It should have been shipped overnight Saturday evening to get there Tuesday morning, and it didn't, and therefore FedEx failed at their job. That's what gives the opportunity for equitable tolling. I guess if I could just ask one more question, though. As Judge Helpe mentioned, and I agree with him, I did the same thing. I used to create certificates of service all the time as an attorney, and I said I mailed this on, you know, September 5th, and I did not need to specify, you know, I went to the post office on this street and I put it into the post office at 3.30 p.m. My statement to the court that I mailed it on the date that I said that I did was considered enough for a certificate of service. Why is this different? I'm not even sure the statement in the affidavit says that. I mean, they keep, in the pleadings, they talk about dropping it off somewhere. They talk about this, that, and the other. That's not what he says in his statement. It's just the one sentence, I sent it. And, again, when you're dealing with FedEx. I sent it on the 4th. It says I sent it on the 4th. Right. You know, going back to what Judge Rickleman said and I said, you know, attorneys, I guess this is in Massachusetts, I assume counsel is a licensed attorney in Massachusetts, but you have a duty of candor towards the court and other bodies, and, you know, you have these ethical responsibilities. So what is there to, you know, my concern is, as I mentioned, we're not giving credibility or we're presuming that the attorney is not truthful when the attorney is making a certification, you know, so not the other way around. You know, I think there should be a presumption. Attorneys aren't telling the truth unless. Your Honor, respectfully, I'm not saying he's not telling the truth. I'm saying that he didn't provide enough information that we know that FedEx had it in hand. I don't know what sent it through FedEx means. Okay. But I think then it boils down to, or do we agree, an issue of law, whether counsel's mere representation of saying I mailed on the 4th is insufficient as a matter of law. Yes or no? Then I guess that's what the case would boil to. Go ahead. Let me ask this in a different way. I think what you're actually saying is there's not enough evidence to show that FedEx's duty of overnight delivery was triggered. Yes. What in the record shows that? So, like, we all know the normal mailbox rule. We all did these. I certify that I sent this on this day, and that means that you went and dropped it in the mailbox. Is there anything in the record that says any time you drop this in the mailbox on September 4th at FedEx, FedEx is open and will deliver it? No, Your Honor. And, again, the label was generated at 342 on a Saturday, a holiday weekend. So it really is kind of unclear when FedEx got it, and that's the point. That's the important linchpin here. Because they need to show that FedEx failed in its duty. Did the BIA, I guess, did the BIA reach that issue? This sort of goes back to my question, because what they said in their decision was just all they said is that there's just insufficient evidence that they delivered it. And then that the federal holiday is in exceptional circumstances is also not an argument that they're willing to accept. So, in other words, I just want to make sure we're separating the diligence and the extraordinary circumstance prong, because I think what Judge Montecalvo was asking about is really the extraordinary circumstance prong, right? Did they fail in their delivery guarantee? That's not the diligence prong. Or would you disagree? There's some overlap there, because obviously they waited until September 3rd to decide that they were going to move forward, and then waited until the 4th to do the appeal, waited until the afternoon of the 4th. So there is some bleeding in there with the diligence. However, I think what the board is saying, and it works when you read matter of moralis moralis, because moralis moralis does discuss this hypothetical situation and what it would take to demonstrate that you merit equitable tolling. So taken together, it's that they did not meet the burden as, you know, discussed pretty extensively in moralis moralis. Is it the government's position that making a decision to appeal on September 3rd, which is before the deadline, is not diligent? I just want to make sure I'm understanding your argument here. It all sort of bleeds together. Of course they had the full 30 days to do it, but I think as the board and this court, it's that if an appellant waits the full amount of time and it's filed a day late, they've done so at their own peril. And that's sort of what happened here. Why wasn't the notice of appeal mailed out on the 3rd? I don't know. Well, I think, you know, I was an appellant attorney, and so were both my colleagues. Sometimes you have so many cases, you kind of have your deadlines and you file the last day, and there's nothing wrong with that. You have, you know. Okay. Anything else? Thank you. Thank you, Your Honors. Okay. Rebuttal, Mr. Meyer, one minute. Please reintroduce yourself on the record to begin. Christian Meyer, perpetitioner. So, as noted, the BIA's decision does, in fact, note that counsel claims to have dropped it. So they are recognizing the counsel's made statements that it was dropped off in time. There is the shipping label as well as certificates of service that were attached on these things, all pointing to the September 4th sending. As noted, you know, previously, the board's decision inherent to it is an allegation that counsel was somehow deceptive or lying or trying to, you know, act in a manner to make it seem as if, you know, had they missed this deadline that they had complied with it. That's not addressed whatsoever in the decision, and, frankly, it's an extremely negative and unreasonable interpretation of the record. The last thing I would like to note is this court in Ramos-Martinez, it remanded for a question of equitable tolling to the district courts for this was a habeas petition, but for additional evidence to answer this question. So, ultimately, it's within this court's power. Let me ask you, because I think it's a good analogy. And in habeas cases, I've seen that happen. But let's assume the case were to be remanded for additional evidence. As an officer of the court, would you represent to us that you would have additional evidence to further substantiate what you represented to the court that you understand was still sufficient? Ultimately, I think this case turns on the statements of counsel. So a respondent is alleging that counsel needs to make more statements. So, yes, counsel made sworn assertions under their ethical obligations for candor to the tribunal. Mr. Meyer, it's your firm, but it wasn't you. No, I was not personally the one who sent it. However, I am well aware of the procedures that we engage in, well aware of the fact that this is common knowledge, that there's a final drop-off day for overnight delivery that's complied with. And the board knows this because they've received thousands of these. But my question would be, and obviously it's not part of the record, but if the case were to go back, would there be additional documents in the record, some certificate from FedEx that somebody had it stamped or something else? As for direct evidence of that, I think the only thing that could be provided at this point is statements of counsel. But it's also a little bit pessimistic to assume that, you know, that would require to anticipate that FedEx is not going to ship out on the 4th. That would anticipate counsel to say, okay, I am going in at, let's say it's 4 o'clock on the 4th, dropping off my package for delivery. That requires an anticipation that they're not going to make good. Is counsel supposed to take a photo that's time-stamped to prove a future case? Well, if you go to FedEx, you usually get a receipt from FedEx, and it's got the time. That doesn't exist in this case? I believe in this case, in the motion to reconsider was the receipt. But all that notes is the shipping date. And it does not indicate any – So if it gets remanded, counsel would have to represent to the court, yes, I went on the 3rd, and I printed a 340-whatever. And by 428, for example, I was there, and I personally submitted it, and then I got the receipt back on this date or whatever. Yes. And I think that should be sufficient to – I think actually it's unnecessary for those things because of, you know, the arguments that were previously made. It's a standard practice, and to interpret that as, you know, not showing that it was done in compliance with the FedEx regulations is an unreasonable and pessimistic view of the evidence. However, yes, if the court were to grant this petition and remand for additional evidence, that would be something that counsel would file, would swear to. And that makes this case fall within the established precedent of Morales-Morales. Okay. Thank you. Thank you. Okay. Let's hear the next case, and then after that we're going to take a short recess.